No. 47,936

STATE OF KANSAS, *Appellee*, v. DONALD WILLIAMS, *Appellant*.

(556 P. 2d 184)

Opinion filed November 6, 1976.

*Helen Mountford*, of Leavenworth, was on the brief for the appellant.

*Curt T. Schneider*, attorney general, and *Patrick J. Reardon*, county attorney, were on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The defendant, Donald Williams, was found guilty by a jury of aggravated assault (K. S. A. 21-3410) and aggravated burglary (K. S. A. 21-3716). His appeal concerns the refusal to give instructions on simple assault (K. S. A. 21-3408) and criminal trespass (K. S. A. 21-3721) which he alleges are crimes necessarily proved if the respective crimes charged are proved.

K. S. A. 21-3107 (3) provides:

"In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime

charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

Under this statute, when such a claim is made on appeal, this court must first determine if the lesser crime is one necessarily proved if the crime charged is proved. Assuming the first question is answered in the affirmative there is then one additional determination to be made by this court before it can say the trial court committed reversible error in refusing to instruct on the lesser included crime. That determination is whether any evidence introduced during the trial will support a conviction on the lesser included offense. If the evidence at the trial excludes a theory of guilt on an included offense not charged in the information no instruction should be given on the included offense. (*State v. Harris*, 215 Kan. 961, 529 P. 2d 101; *State v. Childers*, 217 Kan. 410, 536 P. 2d 1349; *State v. Arney*, 218 Kan. 369, 544 P. 2d 334.)

The state does not dispute that simple assault as defined in K. S. A. 21-3408 is a crime necessarily proved if the crime of aggravated assault (K. S. A. 21-3410) is proved. Simple assault is generally considered a lesser degree of aggravated assault (6 Am. Jur. 2d, Assault & Battery, § 58, p. 54; 6A C. J. S., Assault & Battery, § 72, p. 445) and when a defendant is charged and tried for aggravated assault the necessity for instructing on simple assault depends upon the evidence at the trial.

The defendant and his wife Susan had been divorced for two years and were the parents of a two year old child. They had continued to see each other and had continued to quarrel. On a fairly recent occasion defendant had assaulted Susan and had threatened bodily harm to her and any of her gentlemen friends found on the premises. On the occasion giving rise to the present charges, Susan and two male friends were seated at a table in her front room planning a party. Defendant appeared at the front door and knocked on a window. After he had knocked a second time, Susan went to the front door. According to Susan's testimony she saw the defendant on the porch with a gun in his hand. Under the state's evidence she retreated in fear, after locking the front door, and proceeded upstairs with her two friends. Susan obtained a hand gun from her bedroom. She heard the glass break downstairs in the vicinity of her front door. She returned to the head of the stairs, heard shots from below and proceeded to fire

her gun until it jammed. The defendant was wounded in the arm and retreated to his car with his gun in hand making some veiled threats which were overheard by a neighbor. The state's evidence indicated the glass window by the front door was broken from the outside and that the shots downstairs were fired from a position near the stairway. There were powder burns on the wall near the bottom of the stairway and spent slugs from a gun were found embedded in the stairway in such a way as to indicate their trajectory was upward.

In contrast, the defendant's evidence was that he had come to the house to visit his two year old child. He knocked twice on the glass window. His gun, which he carried for protection only, was not in sight. Susan broke the glass and shot him in the arm while he was on the porch. She continued to fire at him so he dropped to the floor of the porch, drew his gun, reached through the broken glass, opened the door, stepped inside and started firing as a diversionary action to pin down his assailant or assailants. He did this in his own defense, without any intent to injure anyone, in order to give him time to retreat to his car and escape.

The assault charge in the present case was under paragraph (a) of K. S. A. 21-3410, ". . . Unlawfully assaulting . . . another with a deadly weapon." Under the evidence introduced by both the state and the defendant the acts which were the basis of the assault charge included the use of a deadly weapon. Four shots were fired by the defendant in the general direction of Susan in a threatening manner, even though defendant did so as a diversionary tactic. Under such evidence the defendant was either guilty of aggravated assault or he should have been acquitted of the charge because he acted in self defense. The jury resolved that conflict in the evidence. It was not error to refuse an instruction on simple assault since there was no evidence which would require an instruction on simple assault.

We turn our attention to defendant's next point—that the court erred in refusing to instruct on the crime of criminal trespass (K. S. A. 21-3721) when the defendant was charged with aggravated burglary (K. S. A. 21-3716).

K. S. A. 21-3716 defines aggravated burglary as follows:

"Aggravated burglary is knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is some human being, with intent to commit a felony or theft therein."

The crime proscribed, as applied to this case, requires proof that defendant knowingly and without authority entered the building, that a human being was in the building and that he entered with intent to commit a felony. As pointed out in the note of the judicial council appearing in the annotations appended to the statute, a breaking is not required under the present statute.

We turn next to K. S. A. 21-3721 defining criminal trespass. It reads:

"Criminal trespass is entering or remaining upon or in any land, structure, vehicle, aircraft or watercraft by one who knows he is not authorized or privileged to do so, and,

"(a) He enters or remains therein in defiance of an order not to enter or to leave such premises or property personally communicated to him by the owner thereof or other authorized person; or

"(b) Such premises or property are posted in a manner reasonably likely to come to the attention of intruders, or are fenced or otherwise enclosed."

The criminal trespass statute as it now appears became effective in 1970. As indicated in the revisor's notes following the statute, K. S. A. 21-3721 replaced four statutes, K. S. A. 21-2435 (Corrick), 21-2436 (Corrick), 32-139 (Corrick), and 32-142 (Corrick). The four separate statutes which were repealed imposed civil liability for injury or carrying away property belonging to another including trees, minerals, crops, and such, imposed penalties for leaving gates open and tearing down fenced enclosures on agricultural lands, and imposed penalties for hunting, fishing, and trapping on lands of another without permission. We find no statutes of other states comparable to the Kansas statute so the foreign case law is of little help. Contrary to the revisor's note in the annotations to the statute, the Illinois statutes are not sufficiently similar for the case law of Illinois to be helpful. Illinois has a separate statute on criminal trespass to land which requires either personal notice or posting. The Illinois statutes have no provision similar to our "fenced or otherwise enclosed" provision. Their statute against criminal trespass to vehicles is entirely separate and has no notice requirements. Buildings are not mentioned.

In the Kansas criminal trespass statute the properties sought to be protected are land, structures, vehicles, aircraft or watercraft. Except for land these are some of the same properties named in the Kansas burglary statute. Both statutes relate to a knowing and unauthorized entry or remaining within the properties. However, the burglary statute has for its purpose the protection of the prop-

erty and the occupants from a felony or theft therein, while the trespass statute has for its purpose merely a restriction against the unauthorized entry or remaining within the property.

It is obvious in reading this trespass statute that something more must be proven to establish criminal trespass than a knowing and unauthorized entry or remaining within the subject property. This is apparent because in drafting the statute the legislature used the conjunctive "and" which follows the first paragraph of 21-3721. The word "and" indicates some additional element is required. The subsequent paragraphs (a) and (b), to which the word "and" refers, describe actual or constructive notice requirements by which a person is or should be advised he is entering or is within another person's property where he has no right to be without permission.

To fulfill the requirements of the notice provision (a) the state must show the defendant entered or remained upon or in the property in defiance of an order not to enter or to leave such premises. The order may be given by the owner or any other authorized person. The alternative notice requirement (b) relates to forms of actual and constructive notice by which an ordinarily prudent person is advised or should realize he is entering or has entered the premises or property of another. This includes the posting of signs in, on or around the property. In the alternative the state may prove the premises or property on which the trespass occurred was fenced or otherwise enclosed. If a person must enter through a fence or other enclosure to reach lands, structures, vehicles, aircraft, or watercraft he is at least constructively notified or should realize he is not authorized or privileged to do so without permission. Fences and enclosures indicate the boundaries between properties.

The defendant urges that a building or vehicle is enclosed by the inherent nature of the property concerned. In other words a building is enclosed by its walls and roof and a vehicle is enclosed likewise by its sides, doors and roof. Applying the defendant's reasoning the notice requirement under (b) would be fulfilled by showing that although it was not fenced or otherwise enclosed it was by its inherent nature enclosed. This reasoning by the defendant does not appear sound for two reasons. First, if the legislature intended the enclosed nature of the property, inherent in its construction, to amount to sufficient constructive notice then both

provisions for notice under (*a*) and (*b*) would be entirely superfluous in the case of structures, vehicles, aircraft, and watercraft. This obviously was not the intention, for under the notice requirement of (*a*) it refers to premises or property. The term property would include structures, vehicles, aircraft, and watercraft as well as land.

The second reason why defendant's reasoning as to the meaning of "or otherwise enclosed" does not appear sound is found in the sentence structure of paragraph (*b*). The paragraph refers to two methods of notice. These two methods are conjoined by the word "or" preceded by a comma. The comma appears to be inserted to separate the two alternative methods of notice. The first method is by posting in a manner likely to come to the attention of intruders; the second is that which is apparent when the premises or property "are fenced or otherwise enclosed." The notice requirement in paragraph (*b*) of the statute is not met by establishing the property is of an inherently enclosed nature.

In *State v. Woods*, 214 Kan. 739, 522 P. 2d 967, it is stated:

". . . If a lesser offense is to be considered a lesser included offense under the law, all elements necessary to prove the lesser offense must be present and be required to establish the elements of the greater offense charged. If each is a separate and distinct offense, requiring proof of an element not necessary in the other, then neither can be a lesser degree of the other offense. . . ." (p. 744.)

(See also *State v. Collins*, 217 Kan. 418, 536 P. 2d 1382; *State v. Giddings*, 216 Kan. 14, 531 P. 2d 445.)

Criminal trespass as defined in K. S. A. 21-3721 includes a notice requirement under either paragraph (*a*) or (*b*) as an additional element of the crime, which element is not a necessary element of aggravated burglary.

Therefore the crime of criminal trespass is a separate and distinct crime and is not a crime necessarily proved if the crime of burglary is proved. No instruction on criminal trespass was necessary or proper.

The judgment is affirmed.