(850 P.2d 280)
No. 67,911

STATE OF KANSAS, *Appellee,* v. KEVIN PONDS, *Appellant.*

Opinion filed April 9, 1993.

*Jean K. Gilles Phillips,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Debra S. Byrd* and *Rachelle Worrall Smith,* assistant district attorneys, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before ELLIOTT, P.J., BRAZIL, J., and ADRIAN J. ALLEN, District Judge Retired, assigned.

BRAZIL, J.: Kevin Ponds appeals his conviction of aggravated burglary pursuant to K.S.A. 1992 Supp. 21-3716, claiming that the court erred in refusing to permit alibi witnesses to testify,

that he had ineffective assistance of counsel, that his Fourteenth Amendment due process rights entitled him to a hearing on the alibi and ineffective assistance of counsel issues, that there was insufficient evidence to support the conviction of aggravated burglary, and that the court erred by not instructing the jury on a lesser included offense. We reverse and remand on the lesser included offense issue.

Ponds was charged with aggravated burglary and theft. While watching TV in his home sometime between 11:00 p.m. and 12:00 a.m., Riley Carter, Jr., heard the door open. Carter testified the door had been locked. He assumed it was his girlfriend, Twana Pigram, returning home. Instead, he looked up and saw Ponds. When Ponds saw Carter, Ponds turned and ran. Carter stated he was "positive" that the intruder was Kevin Ponds. Carter also testified that Ponds was married to Twana Pigram's aunt. He did not realize anything was missing from the home until the next morning.

Twana Pigram testified that she had left her purse on the living room table. When the purse was missing the next morning, she assumed Ponds had grabbed it on the way out the door. However, Pigram stated her car had been broken into the night before while she was away from home. On cross-examination, Pigram admitted that the table in the living room is not where she usually keeps her purse and that she normally takes her purse every time she goes somewhere.

The jury found Ponds guilty of aggravated burglary but acquitted him of the theft charge.

### Sufficiency of the evidence

Ponds contends there was insufficient evidence to find him guilty of aggravated burglary. He argues there was insufficient evidence to find he intended to commit theft.

The standard of review for claims of insufficient evidence has been stated many times:

" 'When the sufficiency of the evidence is challenged, the standard of review on appeal is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' " *State v. Evans*, 251 Kan. 132, 135-36, 834 P.2d 335

(1992) (quoting *State v. Graham*, 247 Kan. 388, Syl. ¶ 5, 799 P.2d 1003 [1990]).

Ponds emphasizes that he is not arguing that the aggravated burglary conviction must be reversed because he was acquitted of the theft charge. Instead, he argues there is no evidence he entered the house with the intent to commit a theft.

Under K.S.A. 1992 Supp. 21-3716, the State was required to show that Ponds entered Carter and Pigram's home with the intent to commit a theft. "A conviction of even the gravest offenses may be proved by circumstantial evidence." *State v. Williams*, 229 Kan. 290, 296, 623 P.2d 1334, *reh. denied* 229 Kan. 646, 630 P.2d 694 (1981).

"Circumstantial evidence is evidence that tends to prove a fact in issue by proving other events or circumstances which, according to the common experience of mankind, are usually or always attended by the fact in issue, and therefore affords a basis for a reasonable inference by the jury or a court of the occurrence of the fact in issue." *State v. Flinchpaugh*, 232 Kan. 831, 835, 659 P.2d 208 (1983).

Even had Pigram's purse not been missing, Ponds' actions afford sufficient evidence to support an inference of his intent to commit a theft: He forced his way into Carter and Pigram's home, then fled when he realized Carter was home.

The acquittal on the theft charge was not inconsistent with the conviction of aggravated burglary. See *State v. Pruitt*, 216 Kan. 103, 105, 531 P.2d 860 (1975). The jury apparently found that, because Pigram's car had been burglarized the night before, there was a reasonable doubt as to whether her purse, which she always took with her, was in her car or had been left at home. Whether Ponds actually committed the theft is irrelevant and does not show he did not intend to commit a theft when he broke into Carter and Pigram's home.

## Lesser included offense

Ponds contends that the crime of criminal trespass, pursuant to K.S.A. 1992 Supp. 21-3721, is a lesser included offense of aggravated burglary as set out in K.S.A. 1992 Supp. 21-3716.

Aggravated burglary requires an entry into a structure "knowingly and without authority" where a person is present. K.S.A. 1992 Supp. 21-3716. Criminal trespass also involves entry:

"Criminal trespass is . . . [e]ntering or remaining upon or in any land [or] structure . . . by a person who knows such person is not authorized or privileged to do so, and:

(A) Such person enters or remains therein in defiance of an order not to enter or to leave such premises or property personally communicated to such person by the owner thereof or other authorized person; or

(B) such premises or property are posted in a manner reasonably likely to come to the attention of intruders, or *are locked or fenced or otherwise enclosed, or shut or secured against passage or entry.*" (Emphasis added.) K.S.A. 1992 Supp. 21-3721.

In *State v. Williams*, 220 Kan. 610, 615, 556 P.2d 184 (1976), the Supreme Court found that the criminal trespass statute "includes a notice requirement under either paragraph (a) or (b) as an additional element of the crime, which element is not a necessary element of aggravated burglary." Consequently, the court held that criminal trespass was not a lesser crime of burglary. Subsequent to *Williams*, the legislature amended 21-3721(b), adding the language *"locked or . . . shut or secured against passage or entry."*

The present crime of criminal trespass, unlike that crime when *Williams* was decided, specifically includes structures or areas which are locked or shut or secured against passage.

In addition to the statutory amendment, the Supreme Court has broadened the notion of lesser included crimes. In *State v. Fike*, 243 Kan. 365, 368, 757 P.2d 724 (1988), the Supreme Court set forth a two-prong test to determine if one crime is a lesser included crime of another:

"The first step is to determine whether all of the statutory elements of the alleged lesser included crime are among the statutory elements required to prove the crime charged. . . .

"The result of the first step of the analysis, however, it not necessarily conclusive. Even if the statutory elements of the lesser offense are not all included in the statutory elements of the crime charged, a particular crime may nevertheless meet the statutory definition in 21-3107(2)(d) of an included crime under the second step of the analysis. This approach requires the trial court to carefully examine the allegations of the indictment, complaint, or information *as well as* the evidence which must be adduced at trial. If the factual allegations in the charging document allege a lesser crime which does not meet the statutory elements test *and* the evidence which must be adduced at trial for the purpose of proving the crime as charged would also necessarily prove the lesser crime, the latter is an 'included crime' under the definition in 21-3107(2)(d)."

In the present case, to prove aggravated burglary, the State's evidence was that Ponds entered Carter and Pigram's residence knowingly and without authority by entering through the locked front door. Proof of these facts would necessarily prove criminal trespass.

The trial court erred by not instructing the jury on criminal trespass as a lesser included offense of aggravated burglary.

### Alibi

The other issues Ponds raises on appeal all relate to the trial court's refusal to allow alibi evidence and its finding that Ponds' notice of alibi was filed late without good cause. On remand for a new trial, Ponds will now be in compliance with K.S.A. 22-3218, thus obviating our need to address the issues relating to alibi.

Reversed and remanded for new trial.