(859 P.2d 387)

No. 68,262

STATE OF KANSAS, *Appellee*, v. CLIFFORD RUSH, *Appellant*.

Opinion filed August 27, 1993.

Russell H. Gilbert, student intern, and *Thomas J. Jacquinot*, staff attorney, Kansas Defender Project, of Lawrence, and *Jessica R. Kunen*, chief appellate defender, of Topeka, for the appellant.

*Michael A. Russell,* assistant district attorney, *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before BRISCOE, C.J., BRAZIL and RULON, JJ.

BRISCOE, C.J.: Clifford Rush appeals his conviction of one count of burglary (K.S.A. 1992 Supp. 21-3715), a class D felony. Rush was convicted of having burglarized McCorry's Grocery on October 26, 1991.

McCorry's Grocery is a two-story building which is built into a hillside. The grocery store occupies the first floor and is accessible from the front of the building. The store's inventory is located in a locked room in the back of the store. The storeroom is accessible from the store and from a stairway leading from the second floor. The second floor of the building contains unoccupied rooms or kitchenettes. The second floor can be entered from the first floor stairway and from the outside through a back door. The owner testified the back door leading to the second floor was boarded up and locked. Rush testified that, when he came to the back door of the building seeking shelter, he found a broken door and an open doorway leading into what appeared to be an unoccupied portion of the building. The owner also testified the front door and window and the door to the storeroom were undamaged when she was last at the store on October 25, 1991.

On October 26, 1991, the police department received a report of a burglary in progress. In response to that report, the officers dispatched to the scene found Rush in one of the upstairs rooms at approximately 5:00 a.m. They also found a pry bar within two feet of Rush and a flashlight on his person. The back door of the building had been kicked in. The officers noticed marks from a pry bar and kick marks on the door to the storeroom on the first floor. The front door of the grocery store and a window on the first floor had also been damaged by a pry bar. The owner testified she had not given Rush authority to enter the building on October 26. She also testified that nothing was missing from her store.

Rush's statements at the time of arrest and at trial were inconsistent. In a statement given after his arrest, Rush stated he had not been in the building and was arrested while walking down the street. At trial, he admitted he was in one of the upstairs

rooms when he was arrested, but claimed he entered the open building merely to find shelter.

Rush raises three issues on appeal: (1) Whether the court erred in refusing to instruct on a lesser included crime, criminal trespass; (2) whether the court erred in failing to include the elements of the crime of theft in its instruction on burglary; and (3) whether there was sufficient evidence of Rush's intent to commit a theft within the building to sustain a conviction of burglary.

Defense counsel requested an instruction on criminal trespass after first questioning whether the crime was in fact a lesser included crime. The court denied the request based upon its legal conclusion that criminal trespass is not a lesser included crime of burglary. Specifically, the court stated:

"As both of you know when I came out on the bench and handed you the instructions, I included the lesser included instruction of criminal trespass. Counsel came back in my office and said they weren't sure that it was a lesser included offense. On my own I read the case, State versus Warren Williams. In my mind I tried to consider two separate things. One is a lesser included crime and the other is a lesser crime. There's no doubt that the crime of criminal trespass does contain an element that is not listed in the crime of burglary. Therefore, it's not a lesser included and it doesn't appear to be a lesser crime. It's a distinct and separate crime in which the defendant has not been charged and for that reason I took out the instruction on criminal trespass. I would stand by that based on Kansas case law."

Failure to instruct on the lesser included offense of criminal trespass was reasserted in Rush's motion for new trial.

K.S.A. 1992 Supp. 21-3715 defines burglary as follows:

"Burglary is knowingly and without authority entering into or remaining within any: (1) Building, manufactured home, mobile home, tent or other structure, with intent to commit a felony or theft therein; or (2) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein."

K.S.A. 1992 Supp. 21-3721 defines criminal trespass as follows:

"(1) *Entering or remaining upon or in any* land, *structure,* vehicle, aircraft or watercraft *by a person who knows such person is not authorized or privileged to do so,* and:

(A) Such person enters or remains therein in defiance of an order not to enter or to leave such premises or property personally communicated to such person by the owner thereof or other authorized person; or

(B) *such premises or property* are posted in a manner reasonably likely to come to the attention of intruders, or *are locked or fenced or otherwise enclosed, or shut or secured against passage or entry*; or

(C) such person enters or remains therein in defiance of a restraining order . . . , and the restraining order has been personally served upon the person so restrained; or

"(2) entering or remaining upon or in any public or private land or structure in a manner that interferes with access to or from any health care facility by a person who knows such person is not authorized or privileged to do so and such person enters or remains thereon or therein in defiance of an order not to enter or to leave such land or structure personally communicated to such person by the owner of the health care facility or other authorized person." (Emphasis added.)

In *State v. Williams,* 220 Kan. 610, 614-15, 556 P.2d 184 (1976), the Supreme Court concluded criminal trespass, under K.S.A. 21-3721 (Weeks), was not a lesser included crime of aggravated burglary because criminal trespass contains the additional element of the intruder's actual or constructive notice that the intruder has no authority to enter or remain within the structure. The current language of 21-3721, which provides that the State can show constructive notice by establishing the building was "locked or . . . shut or secured against passage or entry," was added after *Williams* was decided. L. 1980, ch. 99, § 1. This additional language does not remove the notice requirement, but merely provides an alternative method for proving constructive notice.

Since the *Williams* decision, in addition to the statutory change, the Supreme Court has broadened the definition of lesser included crimes in *State v. Fike,* 243 Kan. 365, 368, 757 P.2d 724 (1988), by establishing a two-prong test for determining if one crime is a lesser included crime of another:

"The first step is to determine whether all of the statutory elements of the alleged lesser included crime are among the statutory elements required to prove the crime charged. This approach is ordinarily fairly straightforward, and requires a jury instruction on a particular lesser offense whenever all of its statutory elements will automatically be proved if the State establishes the elements of the crime as charged. . . .

"The result of the first step of the analysis, however, is not necessarily conclusive. Even if the statutory elements of the lesser offense are not all included in the statutory elements of the crime charged, a particular crime may nevertheless meet the statutory definition in 21-3107(2)(d) of an included crime under the second step of the analysis. This approach requires the trial court to carefully examine the allegations of the indictment, complaint,

or information *as well as* the evidence which must be adduced at trial. If the factual allegations in the charging document allege a lesser crime which does not meet the statutory elements test *and* the evidence which must be adduced at trial for the purpose of proving the crime as charged would also necessarily prove the lesser crime, the latter is an 'included crime' under the definition in 21-3107(2)(d)."

A defendant's entitlement to an instruction on lesser included offenses stems from the rule that, in a criminal case, the information is the jurisdictional instrument which gives the court authority to convict a defendant of crimes charged in the information or of lesser included crimes thereof. Conversely, if a crime is not specifically listed in the information or is not a lesser included offense of the crime charged, the court lacks jurisdiction to convict a defendant of the crime, regardless of the evidence presented. See *State v. Chatmon*, 234 Kan. 197, 204-05, 671 P.2d 531 (1983). In other words, this is an analytical or abstract question in which the court must examine the charging document and determine what evidence must necessarily be produced at trial to prove its allegations.

In the recent case of *State v. Ponds*, 18 Kan. App. 2d 231, 850 P.2d 280 (1993), this court concluded that criminal trespass is a lesser included offense of aggravated burglary in some instances. We stated the legislature has "eliminated" the notice requirement for the crime of criminal trespass in 21-3721(a)(1)(B) in certain circumstances. 18 Kan. App. 2d 231, Syl. ¶ 2. Upon closer analysis, we disagree with that statement. The notice requirement for the crime of criminal trespass has not been eliminated by the legislature adding the language "locked or . . . shut or secured against passage or entry." When the current statute is compared with the previous statute referenced in *Williams*, 220 Kan. at 614-15, we note that the additional language added in 1980 merely provides an additional alternative method for proving constructive notice. See PIK Crim. 2d 59.25. In other words, the State may establish that the intruder is placed on notice that he or she is entering private property if the building is locked, shut, or secured against passage or entry in addition to the previous method of proving this element by showing the property was fenced or otherwise enclosed. Even in light of the 1980 amendment, the comparison of elements analysis used in

*Williams* establishes that criminal trespass is not a lesser included offense of burglary under the first prong of the *Fike* test.

In *Ponds,* this court applied the second prong of the *Fike* test by analyzing the evidence produced at trial. It was noted that the State had shown that Ponds entered through the locked front door, which proved the crime of burglary. Our focus should have been on the evidence that is *necessary* to prove the crime of burglary as charged by the information rather than whether evidence that the door was locked was presented at trial.

The Kansas Supreme Court has noted the distinction between evidence which necessarily must be presented at trial to prove the greater crime and additional extraneous facts which may actually have been proved at trial. *State v. Dixon,* 248 Kan. 776, 784, 811 P.2d 1153 (1991). In *Dixon,* 248 Kan. at 784, the court addressed whether aggravated battery is a lesser included offense of attempted first-degree murder and noted:

"Dixon's argument misinterprets the second prong of the test to determine whether an offense is a lesser included offense of a particular crime charged. *Under the two-part analysis set forth in Adams and Fike, a lesser crime may become a lesser included offense of a greater offense if the information actually alleges a lesser crime and the evidence which must be established to prove the crime charged also proves the lesser crime.* In this case it was not necessary to prove McIntosh was actually shot to establish the elements of attempted first-degree murder. The State was required to prove only that Dixon committed an overt act towards the perpetration of first-degree murder.

"*Dixon's argument fails to distinguish between what the State may prove and what the State is required to prove.* [Citation omitted.] The information does not allege unlawful touching or application of force to the person of another and the State was not required to adduce such evidence at trial to prove attempted first-degree murder." (Emphasis added.)

Similarly, in the present case, the information charging Rush with burglary did not allege that the building was locked, shut, or secured against passage or entry. In *Ponds,* there was no indication as to whether the fact that the residence was locked was included in the information. This court has held that, if an additional fact which is not necessary to prove the greater crime but is needed to establish the lesser offense is included in the information, the defendant is entitled to an instruction on the lesser crime when that fact is proved at trial. See *State v. Hill,*

16 Kan. App. 2d 432, 436, 825 P.2d 1141, *rev. denied* 249 Kan. 777 (1991).

Clearly, it is not necessary to prove that an intruder entered through a locked door in order to establish the crime of burglary. K.S.A. 1992 Supp. 21-3715; PIK Crim. 2d 59.17 (1992 Supp.). Even though the district court failed to apply the second prong of *Fike* because it relied on *Williams,* its decision must be upheld because the crime of criminal trespass is not a lesser included offense of the crime of burglary as charged in the present case.

Rush contends the district court erred in failing to include the elements of theft in its instruction on the crime of burglary.

The court's instruction No. 6 provided:

"The defendant is charged with the crime of burglary. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

1. That the defendant knowingly entered a building, to-wit: McCorry's Grocery;

2. That the defendant did so without authority;

3. That the defendant did so with intent to commit a theft therein."

Rush did not object to the language of this instruction. When a defendant fails to object to an instruction, this court must apply a clearly erroneous standard of review. The trial court's instruction is clearly erroneous only if this court reaches a firm conviction that a real possibility exists that the jury would have returned a different verdict if the court had included the elements of theft in the instruction. See *State v. Cooper,* 252 Kan. 340, 341, 845 P.2d 631 (1993).

Rush relies on *State. v. Linn,* 251 Kan. 797, 800, 840 P.2d 1133 (1992), where it was concluded the district court erred in failing to list the specific underlying felonies and their elements for the charge of burglary when the instruction stated that the jury must find that the defendant entered or remained within the residence " 'with the intent to commit a felony or theft therein.' " In *Linn,* the State presented evidence that the defendant entered the residence with the intent to commit theft, aggravated battery, or robbery as the underlying felonies for the charge of aggravated burglary. The court specifically stated:

"An instruction as to the offense of aggravated burglary is defective unless it specifies and sets out the statutory elements of the offense intended by

an accused in making the unauthorized entry. Under the circumstances here, the trial judge's failure to state the specific underlying felony or felonies and their elements prevented the jury from rendering a lawful verdict and was an error of constitutional magnitude depriving the defendant of a fair trial." 251 Kan. at 802.

*Linn* can be distinguished from the present case because the State in *Linn* attempted to prove several underlying felonies. In the present case, the State only alleged that Rush intended to commit a theft. Also, in *Linn*, the court was faced with a more deferential standard of review because the defendant requested the trial court to include each of the elements of the underlying felonies alleged. It could also be argued that the court's language requiring listing the elements of the underlying felonies was dicta once the court concluded the district court erred in failing to list each of the specific underlying felonies. This approach is consistent with *State v. Skelton*, 247 Kan. 34, 795 P.2d 349 (1990), where the district court listed each of the underlying felonies alleged in its instruction for aggravated burglary and the Supreme Court addressed the sufficiency of the evidence to support each of the underlying felonies without requiring the district court to list the elements of the underlying felonies in its instruction.

In the present case, the argument centered around whether Rush intended to commit a theft. The law does not require that Rush completed the crime of theft; he merely had to intend to commit a theft. See K.S.A. 1992 Supp. 21-3715. PIK Crim. 2d 59.17 does not require the district court to list the elements of theft in an instruction on the crime of burglary.

The present case was not presented on multiple theories of intent. Although the court did not specifically instruct the jury on the elements of theft, it is reasonable to assume that the jury had a commonsense understanding that the crime required that Rush have the intent to take something from the grocery store. As we cannot conclude that listing the actual elements of the crime of theft would have changed the jury's verdict, the court's instruction was not clearly erroneous.

Rush contends there was insufficient evidence for the jury to find him guilty of burglary. He argues there was insufficient evidence to find he intended to commit a theft when he entered or remained within the building.

The standard of appellate review for claims of insufficient evidence is well known:

" 'When the sufficiency of the evidence is challenged, the standard of review on appeal is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' " *State v. Evans,* 251 Kan. 132, 135-36, 834 P.2d 335 (1992) (quoting *State v. Graham,* 247 Kan. 388, Syl. ¶ 5, 799 P.2d 1003 [1990]).

*State v. Harper,* 235 Kan. 825, 685 P.2d 850 (1984), contains a lengthy discussion of the evidence required to establish the intent element in a burglary prosecution. The court noted direct evidence of intent is rare and stated the intent element is often established by circumstantial evidence. 235 Kan. at 828. In *Harper,* the court listed the manner of entry, the time of day, the character and contents of the building, the defendant's actions after entry, the totality of the surrounding circumstances, and the defendant's explanation as important factors in determining whether an inference arises that the intruder entered or remained in the building with intent to commit a theft. 235 Kan. at 828-29.

Applying the *Harper* factors to the present case to determine the sufficiency of the evidence to support the intent element, we note Rush was found in the building at 5:00 a.m. He gave conflicting statements concerning his presence in the building. The facts that a flashlight was found on Rush's person and a pry bar was found on the floor within two feet of him support the inference that he intended to commit a theft in the building. The proximity of the pry bar is particularly relevant because officers testified that someone had attempted to enter the front door, a window on the first floor, and the first floor storeroom by using a pry bar. Rush's proximity to the pry bar, the damage to the doors and window by a pry bar, and the owner's testimony that the building was previously undamaged provide sufficient evidence to support an inference that Rush used the pry bar to attempt to enter the store and the storeroom. Viewing the evidence in the light most favorable to the prosecution, a rational factfinder could have found Rush guilty of burglary beyond a reasonable doubt.

Affirmed.

BRAZIL, J., dissenting: I respectfully dissent. In *State v. Ponds,* 18 Kan. App. 2d 231, 850 P.2d 280 (1993), we held that "[s]ubsequent to *Williams,* the legislature eliminated the notice requirement in 21-3721[(a)(1)(B)] *in certain circumstances by adding the language 'locked or . . . shut or secured against passage or entry.'* Thus, in the applicable circumstances, criminal trespass is a lesser included offense of aggravated burglary." (Emphasis added.) 18 Kan. App. 2d 231, Syl. ¶ 2.

Burglary under K.S.A. 1992 Supp. 21-3715 and criminal trespass under K.S.A. 1992 Supp. 21-3721 both involve entering into or upon or remaining in or upon structures or land without authority. In addition, criminal trespass under K.S.A. 1992 Supp. 21-3721(a)(1)(B) requires posted notice or locked or secured premises. The majority concludes that the additional statutory language "merely provides an alternative method for proving constructive notice." Slip opinion Syl. ¶ 1.

It can also be argued that entering a locked building is evidence of entering into premises without authority when proving a crime of burglary or criminal trespass. In the burglary charge in this case, the State had to prove that Rush entered a building without authority. The evidence was that Rush was found near a pry bar in the building where a locked door had been kicked in. There were pry bar and kick marks on the storeroom door, as well as pry bar marks on the front door and a first floor window. All of this was evidence in the burglary case that Rush was in the building without authority. Likewise, the same evidence would support a lesser included crime of criminal trespass into locked premises under K.S.A. 1992 Supp. 21-3721(a)(1)(B).

As in *Ponds,* I would find there was evidence to support the giving of an instruction on the lesser included crime of criminal trespass. I would reverse and remand for a new trial.