No. 68,262

STATE OF KANSAS, *Appellee,* v. CLIFFORD RUSH, *Appellant.*

(877 P.2d 386)

Opinion filed July 8, 1994.

*Thomas Jacquinot,* staff attorney, of Kansas Defender Project, of Lawrence, argued the cause, and *Russell H. Gilbert,* student intern, of Lawrence, and *Jessica R. Kunen,* chief appellate defender, of Topeka, were with him on the briefs for appellant.

*Michael A. Russell,* assistant district attorney, argued the cause, and *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This appeal comes before us on the defendant's petition for review of the judgment of the Court of Appeals in *State v. Rush*, 18 Kan. App. 2d 694, 859 P.2d 387 (1993). The question is whether criminal trespass is a lesser included offense of burglary. We granted the defendant's petition for review because of conflicting decisions by two separate panels of the Court of Appeals. For reasons set forth below, we conclude that the Court of Appeals in this case was correct in its decision that criminal trespass is not a lesser included offense of burglary. However, we reverse on other grounds.

Early one October morning in 1991, police were dispatched to a burglary in progress at McCorry's Grocery. The store occupies the first floor of the building; unoccupied apartments are located on the second floor. The only outside entrance to the apartments is located in the back of the building.

The responding police officers found the window screen pried up, pry marks on the front door, and the outside light broken. The front entrance, however, was secure. When the officers checked the back door, they found that it had been kicked in. They searched the upstairs apartments and found the defendant. The officers also found a crowbar on the floor near the defendant, just inside the apartment door that he was exiting when the officers found him.

No one else was in the building. A doorway leading from the apartment to the store had been kicked and pried open. Nothing was missing from the store or the upstairs; the officers found nothing on the defendant's person except his personal belongings.

The defendant testified that he was unemployed, homeless, and cold that night. He testified that he slept in the building the night before his arrest and that the door was open both nights. He stated that he intended only to sleep in the building and that he did not intend to take anything. He denied causing any damage to the building.

The defendant was charged with and convicted of burglary. The court denied his request for an instruction on criminal trespass.

K.S.A. 21-3107(3) requires a trial court to instruct the jury on all lesser included offenses:

"(3) In cases where the crime charged may include some lesser crime, it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced. If the defendant objects to the giving of the instructions, the defendant shall be considered to have waived objection to any error in the failure to give them, and the failure shall not be a basis for reversal of the case on appeal."

In *State v. Dixon*, 248 Kan. 776, 783-84, 811 P.2d 1153 (1991), we set forth the test for determining when the trial court's duty to instruct arises under K.S.A. 21-3107(3):

"[W]e have adopted a two-prong test to determine whether a particular offense is a lesser included offense [under K.S.A. 21-3107(2)(d)] which requires a jury instruction thereon. [Citation omitted.] First, the court must determine whether all the statutory elements of the alleged lesser included offense are required to prove the greater crime charged. [Citation omitted.] A jury instruction on a particular lesser offense is required whenever all of its statutory elements will be proved if the State establishes the elements of the crime charged. [Citation omitted.] . . . .

"If a comparison of the lesser offense and greater offense fails to disclose an 'identity of the elements,' the court must apply the second prong of the test. This analysis requires the trial court to examine the crime charged and determine if proof of the crime charged also proves a lesser crime. If so, an instruction on the lesser crime is required. [Citation omitted.]

. . . .
". . . [U]nder the two-part analysis set forth in [*State v. Adams*, 242 Kan. 20, 744 P.2d 833 (1987),] and [*State v. Fike*, 243 Kan. 365, 757 P.2d 724 (1988)], a lesser crime may become a lesser included offense of a greater offense if the information actually alleges a lesser crime and the evidence which must be established to prove the crime charged also proves the lesser crime."

In *State v. Williams*, 220 Kan. 610, 556 P.2d 184 (1976), we determined that criminal trespass was not a lesser included offense of burglary. At the time *Williams* was decided, K.S.A. 21-3721 (Weeks) defined criminal trespass:

"Criminal trespass is entering or remaining upon or in any land, structure, vehicle, aircraft or watercraft by one who knows he is not authorized or privileged to do so, and,
(a) He enters or remains therein in defiance of an order not to enter or to leave such premises or property personally communicated to him by the owner thereof or other authorized person; or

(b) Such premises or property are posted in a manner reasonably likely to come to the attention of intruders, or are fenced or otherwise enclosed."

In *Williams*, the defendant was charged with aggravated burglary, which differs from burglary because of the addition of one element, *viz.*, a human being is present on the premises at the time of the alleged burglary. K.S.A. 21-3716 (Weeks) defined aggravated burglary as:

"knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is some human being, with intent to commit a felony or theft therein."

We noted in *Williams* that criminal trespass required proof of something more than a knowing and unauthorized entry or remaining within the property because the statute prohibited knowing and unauthorized entry *and* set forth the actual or constructive notice requirements in subparagraphs (a) and (b). 220 Kan. at 614. The defendant in *Williams* argued that the constructive notice in (b) was satisfied by the inherent nature of a building that "is enclosed by its walls and roof." We rejected this argument, concluding that such an interpretation would render the notice provisions in (a) and (b) superfluous. 220 Kan. at 614-15. We held that because the notice required by either (a) or (b) was not a necessary element of aggravated burglary, criminal trespass was not a lesser included offense of aggravated burglary. *State v. Williams*, 220 Kan. 610, Syl. ¶¶ 3 and 4.

In 1980, four years after the *Williams* decision, the legislature amended the criminal trespass statute. The amended statute reads as follows with the pertinent additional language italicized:

"Criminal trespass is entering or remaining upon or in any land [or] structure . . . by a person who knows such person is not authorized or privileged to do so, and:

(a) Such person enters or remains therein in defiance of an order not to enter or to leave such premises or property personally communicated to such person by the owner thereof or other authorized person; or

(b) such premises or property are posted in a manner reasonably likely to come to the attention of intruders, *or are locked or fenced or otherwise enclosed, or shut or secured against passage or entry*." L. 1980, ch. 99, § 1.

See K.S.A. 1993 Supp. 21-3721.

The first Court of Appeals case to interpret the above statute in the context of the question we must resolve was *State v. Ponds*, 18 Kan. App. 2d 231, 850 P.2d 280 (1993). *Ponds* concludes that the legislature eliminated the notice requirement in 21-3721(b) in certain circumstances by its amendment. The decision in *Ponds* indicates that this court's opinion in *Williams* was based on the conclusion that the inherently secured nature of a building could not amount to constructive notice because it would render the notice provisions of 21-3721(a) and (b) superfluous. See *Williams*, 220 Kan. at 614-15.

*Ponds* states that the present crime of criminal trespass "specifically includes structures or areas which are locked or shut or secured against passage." 18 Kan. App. 2d at 234. Additionally, *Ponds* notes that "[i]n addition to the statutory amendment, the Supreme Court has broadened the notion of lesser included crimes." 18 Kan. App. 2d at 234 (citing *State v. Fike*, 243 Kan. 365, 368, 757 P.2d 724 [1988]. *Ponds* concludes that because the State's proof was that the defendant entered the property knowingly and without authority through the locked front door, the State necessarily proved criminal trespass in proving aggravated burglary. 18 Kan. App. 2d at 235. Thus, under our holding in *Fike, Ponds* concluded that the trial court erred by not instructing the jury on criminal trespass as a lesser included offense of aggravated burglary.

The Court of Appeals in this case disagreed with the statement in *Ponds* that "the legislature has 'eliminated' the notice requirement for the crime of criminal trespass . . . in certain circumstances." 18 Kan. App. 2d at 698. The Court of Appeals concluded that the language added in the 1980 amendment of the criminal trespass statute "merely provides an additional alternative method for proving constructive notice." 18 Kan. App. 2d at 698. We agree.

The Court of Appeals also correctly pointed out that the *Ponds* court misapplied *Fike*. *Ponds* reasoned that because the State's evidence was that the defendant entered the property without authority through a locked door, the State necessarily proved

criminal trespass. 18 Kan. App. 2d at 235. However, as the Court of Appeals in *Rush* noted, the test is not what the State *may* prove, but what the State is *required* to prove. 18 Kan. App. 2d at 699 (citing *Dixon,* 248 Kan. at 784). The Court of Appeals concluded that because the State was not required to prove entry through a locked door to establish the crime of burglary, criminal trespass is not a lesser included offense of burglary.

The defendant quotes in his brief the legislature's background notes regarding Senate Bill No. 826 and argues that this legislative history of the 1980 amendment suggests that the legislature intended to fill in the gap noted by our *Williams* decision:

"S.B. 826 is designated to fill a gap in the Criminal Trespass statute. The Kansas Supreme Court, in . . . *State v. Williams,* 220 Kan. 610 (1976), interpreted the criminal trespass statute as not applicable to the situation where a person trespasses on property but there is neither a command not to enter nor an order to leave the premises or the premises are not posted with notice sufficient to alert the person that trespassing is prohibited."

This portion of legislative history, however, tends to support the Court of Appeals' decision in *Rush* more than it supports the defendant's contention that criminal trespass is a lesser included offense of burglary. We read the Senate's concern and expression as an intent to insure that a locked, shut, or otherwise secured entry satisfies the constructive notice requirement under the criminal trespass statute. In other words, it "merely provides an additional alternative method for proving constructive notice." *Rush,* 18 Kan. App. 2d at 698.

The criminal trespass statute is not a model of clarity, and it could be said that the notice provision under the statute seems to be superfluous because the statute also requires knowing unauthorized entry. Our responsibility, however, is to give effect to all portions of the statute and reconcile different provisions "in a way that makes them consistent, harmonious, and sensible." *State ex rel. Stephan v. Kansas Racing Comm'n,* 246 Kan. 708, 719, 792 P.2d 971 (1990). If reasonably possible, this court is to avoid statutory constructions that make part of a statute surplusage. "The cardinal rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature govern

when the intent can be ascertained from the statute." 246 Kan. at 719.

We do not read the legislature's 1980 amendment as significantly changing the criminal trespass statute. The amendment does not appear to do anything more than add an alternative means of constructive notice that entry to property is unauthorized. We do not deem it necessary to abandon our analysis in *Williams*. *Williams* construed the statute as it did because the legislature used the term "and" to connect what is now subsection (a)(1) with subparagraphs (A) and (B). The legislature did not change that key language when it amended the statute in 1980, 1986, 1992, or 1993. The one thing the legislature did do was to make sure that when property is "locked or fenced or otherwise enclosed, or shut or secured against passage or entry," notice requirements are satisfied.

Based upon the statutory language and our decision in *Williams,* we conclude that the legislature intended that a trespasser must enter property knowingly and without authority and the State must present evidence of actual or constructive notice in order to support a criminal trespass conviction. Because of the additional requirement imposed by 21-3721(a)(1)(A) or (B), criminal trespass is not a lesser included offense of burglary. Given this interpretation, our later decisions in *Fike* and its progeny do not alter our conclusion. *Williams* remains the law in this state. Accordingly, we conclude that K.S.A. 21-3107(3) did not require the trial court to instruct the jury on criminal trespass and the trial court did not breach its duty under K.S.A. 21-3107(3).

The defendant also contends that the trial court had an independent duty to instruct on criminal trespass under various other theories. He argues that the trial court is required to provide the jury with instructions that " 'cover every issue or theory in the case which has support in the evidence.' " In support of this contention, he cites *State v. Clark,* 214 Kan. 293, 297, 521 P.2d 298 (1974) (quoting *State v. Cunningham,* 120 Kan. 430, 243 Pac. 1006 [1926]). Both *Clark* and *Cunningham,* however, addressed the trial court's duty to instruct not only as to the crimes charged, but also to instruct on "lesser offenses included

therein as may be justified by the evidence." *Clark*, 214 Kan. at 296-97. See *Cunningham*, 120 Kan. at 431 ("the court should instruct the jury not only on the evidence adduced by the prosecution in support of the higher offense, but also upon the whole evidence and especially upon the lower degrees of the offense, if there is substantial evidence applicable to the lower degrees"). *Clark* and *Cunningham* do not address a duty to instruct on lesser offenses independent of the duty to instruct on lesser included offenses under K.S.A. 21-3107(3). Indeed, this court's opinion in *Clark* makes clear that it is discussing the common-law rule "now codified in K.S.A. . . . 21-3107(3)." 214 Kan. at 297.

The defendant also contends, however, that the trial court erred in instructing the jury on the crime of burglary. More specifically, the defendant contends that the trial court in its burglary instruction set forth all the elements of the crime but did not instruct the jury on the elements of theft. That is, when the trial court instructed on burglary, it mentioned as one of the elements that the defendant knowingly entered the building "with intent to commit a theft therein" but then failed to instruct the jury on the elements of the crime of theft.

The Court of Appeals in its decision here attempted to distinguish our decision in *State v. Linn*, 251 Kan. 797, 840 P.2d 1133 (1992), on the basis that *Linn* presented evidence of several underlying felonies (theft, aggravated battery, or robbery), but here we have only one underlying felony, that being felony theft. *Linn's* holding was clear: "An instruction as to the offense of aggravated burglary is defective unless its specifies and sets out the statutory elements of the offense intended by the accused in making the unauthorized entry." 251 Kan. at 802. We find the distinction by the Court of Appeals is not supported based on the very specific holding in *Linn*. We hold, therefore, that the trial court committed reversible error in instructing the jury as to the offense of burglary because it did not "set out the statutory elements of the offense intended by the accused" in its burglary instruction.

Reversed and remanded.