J. Michael Hayden, Secretary Kansas Department of Wildlife and Parks 1020 S. Kansas Avenue, Suite 200 Topeka, Kansas 66612
Dear Secretary Hayden:
As Secretary of the Kansas Department of Wildlife and Parks, you ask whether a Department natural resource officer (NRO)[1] subjects himself or herself to criminal liability for trespass when entering private property in the performance of official duties. By "private property," you are referring to outside lands, and not inside a home or business.
In 1966 Attorney General Robert Londerholm, responded "no" to the question, "[d]oes a game protector[2] subject himself to criminal liability by going onto private property in the pursuit of his duties without the consent of the owner?"
Again, in 1975 Attorney General Curt Schneider addressed the same question, concluding:
 "State game protectors do not incur criminal liability for trespass when they enter and remain upon private property without the owner's permission while in the pursuit of their statutory duties." [3]
You ask whether the 1975 and 1966 Attorney General opinions remain valid in light of any subsequent law. In short, for reasons explained herein, we endorse the conclusions reached in both prior opinions.
The statutory authority of NROs, who are law enforcement officers,[4] remains essentially the same as it was in 1975 and in 1966, i.e., the authority to enforce all wildlife and parks laws as well as other laws of Kansas anywhere within this state, serve warrants anywhere within this state, and to carry weapons in the performance of their duties,[5] as well as to make arrests anywhere within this state.[6]
A pertinent element of criminal trespass[7] is knowingly entering or remaining in a place when "such person is not authorized or privileged to do so." A 1994 Kansas Supreme Court decision[8] emphasized that the criminal trespass statute required "knowing unauthorized entry."[9]
Ten years later the Court affirmed its prior determination that "a trespasser must enter property knowingly and without authority."[10]
Since those cases were decided, no amendments have been made to this particular statutory requirement.[11]
The 1975 Attorney General opinion relied upon cases from jurisdictions other than Kansas[12] standing for the legal proposition: When the performance of duty requires a law enforcement officer to enter upon private property, that conduct otherwise a trespass, is justifiable. Our research reveals that although no subsequent Kansas case has addressed the issue, that concept remains valid as reflected in a comprehensive text statement of American law in relation to law enforcement officers in general.[13] We also located two cases that applied this concept specifically to conservation officers holding that the officers could lawfully enter upon private property when such entry was necessary in the performance of their official duties.[14]
In conclusion, as in 1966 and 1975, we continue to opine that conservation officers, also referred to as natural resource officers, do not incur criminal liability for trespass when they enter and remain upon private property without the owner's permission while in the pursuit of their statutory duties.[15]
Sincerely,
Paul J. Morrison Attorney General
Camille Nohe Assistant Attorney General
[1] Statutorily referred to as a conservation officer.
[2] Now statutorily referred to as conservation officers, and by the Department as natural resource officers.
[3] Synopsis, Attorney General Opinion No. 75-391.
[4] K.S.A. 2006 Supp. 74-5602(g).
[5] K.S.A. 32-808(b).
[6] K.S.A. 32-1048.
[7] K.S.A. 2006 Supp. 21-3721(a).
[8] State v. Rush, 255 Kan. 672 (1994).
[9] 255 Kan. at 677.
[10] State v. Burhans, 277 Kan. 858, 871 (2004), quoting State v.Rush, 255 Kan. at 678.
[11] See L. 2004, Ch. 129, § 2; L. 2006, Ch. 27, § 6; and L. 2006, Ch.200, § 5.
[12] See Attorney General Opinion No. 75-391, p. 1-2.
[13] 75 Am.Jur.2d Trespass § 78 (2007).
[14] Commonwealth v. Carr, 227 S.W.2d 904 (Ky. 1950); Corry v.Mississippi, 710 So.2d 853 (Miss. 1998).
[15] While this opinion is limited to the issue of criminal trespass, we note that the 4th Amendment's protection against unreasonable searches and seizures does not extend to open fields.State v. Swinney, 280 Kan. 768 (2006); State v Tinsley,16 Kan.App.2d 287 (1991).