NOT DESIGNATED FOR PUBLICATION

No. 122,055

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALTON R. SILVERSON JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed March 12, 2021. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Alton R. Silverson Jr. appeals from proceedings in the trial court after remand from this court. A jury convicted Silverson of aggravated burglary, two counts of aggravated assault, battery, criminal threat, and criminal possession of a weapon by a convicted felon. On his first appeal, this court reversed Silverson's conviction for criminal possession of a weapon and remanded to the trial court for further proceedings on posttrial motions and for sentencing. The trial court denied Silverson's motion for a new trial, which was based on ineffective assistance of counsel. Because we conclude that Silverson's trial counsel was not ineffective, we affirm.

1

In December 2015, Ruth Kunkle and her mother Rita returned home from the grocery store. As Ruth was unloading the last of the groceries, she noticed a car across the street. Ruth saw a male, who she later identified as Silverson, get out of the car and yell at another person who remained in the car. Two women got out of the car. Ruth saw Silverson hit one of the women, later identified as Melanie Peterson. Peterson ran toward Ruth, seeking help. Silverson caught up to her and began beating and kicking her. The other woman and Ruth tried to calm Silverson down and deescalate the situation.

Ruth called her father, David, who was inside the house. By the time David came outside, Silverson had left the scene and Peterson was lying in the street asking for help. A short while later, Silverson returned and threatened to shoot up the house if anyone called the police. Silverson again left, and Ruth and David helped Peterson off the ground and into their house. Ruth told Rita to go to the basement and call 911. Ruth told Peterson to go into the bathroom and lock herself in and not come out.

Silverson returned with a large knife. He barged into the house. Silverson could not get to Peterson, who was still locked in the bathroom. Silverson was yelling that he wanted to administer "street justice." While yelling, he pointed the knife at Ruth and David. Rita yelled, "Police!" and Silverson ran away.

Two days after the incident, the police interviewed Silverson. He told police that Peterson had stolen $10 from him and that he was demanding the return of his money. Silverson said that he followed Peterson into the Kunkle home. Silverson denied having a weapon of any kind. He also denied having touched or even threatened anyone during the incident.

The State charged Silverson with aggravated burglary, in violation of K.S.A. 2015 Supp. 21-5807(b) and (c)(3), aggravated assault on Ruth, in violation of K.S.A. 2015

Supp. 21-5412(b)(1), aggravated assault on David, in violation of K.S.A. 2015 Supp. 21-5412(b)(1), battery, in violation of K.S.A. 2015 Supp. 21-5413(a)(1) and (g)(1), criminal threat, in violation of K.S.A. 2015 Supp. 21-5415(a)(1), and criminal possession of a weapon by a convicted felon, in violation of K.S.A. 2015 Supp. 21-6304(a)(3)(B). Kenneth Newton, an attorney in the Sedgwick County Public Defender's Office, represented Silverson through his trial. Before trial, Silverson filed three separate complaints about Newton's representation. The trial court ruled that Silverson presented no basis for his requests for new counsel.

At trial, the jury convicted Silverson as charged. Silverson filed a pro se motion for mistrial. In the motion, he presented claims of prosecutorial misconduct and ineffective assistance of counsel. By this time, Newton had left the public defender's office and Scott Anderson now represented Silverson. Silverson filed a new pro se motion. In this motion, he asked that Anderson be removed as his counsel. Silverson claimed that a conflict of interest existed with Anderson's representation. The trial court denied the motion to replace Anderson as his counsel, ruling that Silverson failed to show a conflict of interest. The trial court sentenced Silverson to 178 months in prison.

On appeal, this court reversed Silverson's conviction for criminal possession of a weapon due to insufficient evidence. *State v. Silverson*, No. 117,047, 2018 WL 3404080, at *3 (Kan. App. 2018) (unpublished opinion). This court also ruled that Silverson was denied the right to conflict-free representation on his posttrial motions. This court remanded the case, directing the trial court to appoint new counsel on Silverson's motion for a new trial. 2018 WL 3404080, at *9.

On remand, Casey Cotton represented Silverson on his posttrial motions. Silverson moved to replace Cotton as his counsel. The trial court denied his motion to remove Cotton and set a hearing date for Silverson's motion for a new trial. Both Silverson and Newton testified at the hearing.

3

Silverson testified that Newton failed to highlight inconsistencies in the testimonies of Ruth, Rita, and David Kunkle. Silverson also testified that he wanted to pursue a defense that he was guilty of only criminal trespass, which Newton failed to present. For his part, Newton testified that he did not challenge the Kunkles at the preliminary hearing so that he could use their inconsistent statements at trial. At trial, Newton chose not to object to the admission of the 911 call "because it was just one additional prior inconsistent statement that we wanted to exploit . . . . " Newton felt that he did attack the Kunkles' testimony at trial on their inconsistent statements. Newton testified that he presented the defense that Silverson wanted to pursue.

The trial court denied Silverson's motion for a new trial, ruling that Silverson had not demonstrated ineffective assistance of counsel. The trial court then sentenced Silverson to 169 months in prison.

Silverson timely appeals.

*Did the Trial Court Err in Denying Silverson's Motion for a New Trial?*

On appeal, Silverson argues that Newton was ineffective as trial counsel for three reasons. First, Silverson contends that Newton did not adequately impeach the testimony of Ruth, Rita, and David Kunkle. Second, Silverson asserts that Newton did not properly and fully advise him of the applicable law for his case. And third, Silverson contends that Newton was ineffective for failing to request an instruction on criminal trespass as a lesser included offense of burglary.

When the trial court conducts an evidentiary hearing on claims of ineffective assistance of counsel, an appellate court reviews the trial court's factual findings using a substantial competent evidence standard. The appellate court reviews the trial court's

4

legal conclusions based on those facts applying a de novo standard of review. *State v. Butler*, 307 Kan. 831, 853, 416 P.3d 116 (2018).

> "To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, that is, that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984])." *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

Silverson's first argument for ineffective assistance of counsel fails. He complains that Newton should have done more to impeach the testimony of each Kunkle. Our Supreme Court has been clear on this point: "[T]he lawyer, after consulting with the client, has exclusive control over decisions as to what witnesses to call, *whether and how to conduct cross-examination*, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions." (Emphasis added.) *State v. Cheatham*, 296 Kan. 417, 445-46, 292 P.3d 318 (2013). The task of whether or how to conduct cross-examination has been specifically enumerated by our Supreme Court as the sole province of the lawyer. Cross-examination is one of those strategic decisions which

are "'virtually unchallengeable'" if the decision is made after a thorough investigation of law and facts. 296 Kan. at 437. Silverson bears the burden of showing that trial counsel's alleged deficiencies were not the result of strategy. See *Butler*, 307 Kan. at 854.

Here, Newton's testimony at the evidentiary hearing shows a deliberate strategic choice. Silverson's account of the events was that he followed Peterson into the house to retrieve his stolen money, but that he never threatened anyone with violence. Newton testified that he and Silverson agreed to use discrepancies in the different stories told by the Kunkles to undermine the accuracy of their testimony. The three witnesses had more than three versions of events because details of each witness' story changed from the police reports, from the preliminary hearing, and from the trial. In the evidentiary hearing, Silverson conceded that Newton had presented the defense that Silverson wanted him to present.

In fact, Newton did not object to the admission of Rita's call to 911 because Rita told the dispatcher that Silverson had a gun, which contradicted the evidence that Silverson carried only a knife. The strategy was clear: allow each Kunkle to tell multiple versions of the events and point out the inconsistencies to the jury. Newton spent the entire closing argument emphasizing the contradictions in the various witnesses' testimony. Under this strategy, Newton would not need to doggedly confront each witness with inconsistent statements at every turn. Newton could reasonably decide the best course is to let the jury hear the discrepant stories uninterrupted.

But even further, Silverson's complaint that Newton did not impeach the Kunkles is not supported by the record. Newton confronted each witness with inconsistencies among and between their stories, even if the defense strategy did not require this vigorous cross-examination. Thus, Silverson's complaint seems to be that he would have liked Newton to word his questions stronger or challenge the Kunkles more forcefully. Even if Newton's cross-examination was weak, which the record shows that it was not, this court

6

is bound by our Supreme Court's precedent holding that cross-examination is a "virtually unchallengeable" choice for the lawyer to make.

Silverson's second argument for ineffective assistance of counsel is that Newton did not properly and fully advise him of the law applicable to his case. This claim has two weaknesses. First, the claim is vague. Second, Silverson provided no evidence to support the claim at the evidentiary hearing. Silverson did not explain to the trial court and does not explain on appeal what advice he was furnished that was lacking. Silverson is not clear on whether he was ignorant of the crimes charged, of the elements of the crimes, of the punishments associated with the crimes, of the rules related to criminal procedure, or of some other element of applicable law. Even if Silverson had briefed which aspect of law Newton failed to explain, Silverson never presented any evidence or testimony to the trial court to show that Newton did not properly advise him. Instead, Silverson expressed dissatisfaction with the timing of discovery and pointed out discrepancies in the testimony of witnesses. But he has not explained how Newton's advice was lacking. The trial court did not err in denying Silverson's motion on this claim. In fact, the trial court would have erred if it had granted the motion without any evidence from Silverson.

Finally, Silverson alleges that Newton was ineffective for failing to request a jury instruction on criminal trespass. At the evidentiary hearing, Silverson asserted to the trial court that he had committed only criminal trespass, if he was guilty of anything. For the first time on appeal, Silverson argues that instructions on criminal trespass were appropriate because criminal trespass is a lesser included offense of burglary.

Silverson's complaint is essentially that he was charged with the wrong crime. But this claim does not concern the ineffective assistance of Silverson's own counsel. A county or district attorney has the discretion to determine what crimes shall be charged. *In re Holste*, 302 Kan. 880, 889-90, 358 P.3d 850 (2015). A defendant, or defendant's counsel, cannot decide which crime the State should charge. Insofar as Silverson argues

that he was convicted of the wrong crime, his claim of ineffective assistance of counsel fails.

But for the first time on appeal, Silverson reframes the issue as his counsel failing to request appropriate jury instructions. Silverson contends that criminal trespass is a lesser included offense of burglary, making a jury instruction on criminal trespass appropriate. Our Supreme Court has held that criminal trespass is not a lesser included offense of burglary. *State v. Rush*, 255 Kan. 672, 677, 877 P.2d 386 (1994); *State v. Williams*, 220 Kan. 610, 615, 556 P.2d 184 (1976). Silverson argues that *Rush* and *Williams* were wrongly decided. The State argues that this court is nevertheless bound by our Supreme Court's precedent. The question before this court, however, is not whether criminal trespass is a lesser included offense of burglary. The question is whether Silverson's counsel was ineffective for not requesting a criminal trespass instruction.

Under *Rush* and *Williams*, criminal trespass is not a lesser included crime of burglary but is a separate crime. The law precluded the trial court from giving the jury an instruction to convict Silverson of a crime for which he was not charged. See *Harris v. State*, 288 Kan. 414, 417, 204 P.3d 557 (2009). Thus, Silverson's counsel was not ineffective for failing to request an improper instruction. See 288 Kan. at 417. Even if our Supreme Court were inclined to overturn *Rush* and *Williams*, Silverson's counsel would not have been ineffective because when the trial was being conducted, an instruction on criminal trespass would have been improper.

For the preceding reasons, we affirm the trial court.

Affirmed.