No. 69,948

STATE OF KANSAS, *Appellee*, v. ALONZO L. WATSON, *Appellant.*
(885 P.2d 1226)

Review of the judgment of the Court of Appeals in an unpublished decision filed April 1, 1994.

Opinion filed December 9, 1994.

*Benjamin C. Wood*, special appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Athena E. Andaya*, assistant district attorney, argued the cause, and *Joan M. Hamilton*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by the defendant, Alonzo Watson, from his conviction for attempted aggravated burglary. The Court of Appeals in an unpublished opinion filed April 1, 1994, affirmed the conviction and remanded the case to have the sentence vacated and the defendant resentenced. We granted the defendant's petition for review. The defendant challenges the instruction on attempted aggravated burglary and the failure to instruct on attempted simple burglary. The State did not seek review of the resentencing issue and it is not before this court.

Looking at the evidence in a light most favorable to the State, as we are required to do (*State v. Walker*, 244 Kan. 275, 280, 768 P.2d 290 [1989]), the salient facts are as follows.

The victim, James Wright, was awakened at 11:00 p.m. by his front doorbell ringing. Wright looked out a window and observed the defendant in the driveway. The defendant looked at the house and then disappeared around Wright's garage. Wright testified that the defendant did not see him. Several minutes later Wright heard the back door being pried open. Wright got his .22 caliber revolver and fired one shot through the door. He heard a person say "Oh" or "Oh, shit."

Wright then notified the police. He described the person he had seen as a black male, 5'8" tall, and 175 pounds. The man had a bushy mustache and was wearing dark colored sweatpants, a dark t-shirt, and a dark ballcap. Wright's back door had fresh pry marks on it. There was a bullet hole in the wooden door near the doorknob. The bullet hole was 39 inches above the back porch floor. There was no blood on the porch outside the door or on the grass.

The defendant arrived at Stormont-Vail Regional Medical Center and was treated for a gunshot wound to his left hip. The gunshot wound was 39 inches from the floor. The wound could have been made by a .22 caliber weapon. The defendant was wearing royal blue sweatpants and a white t-shirt. The sweatpants had a bloodstain on them but no bullet hole. Wright went to Stormont-Vail and identified the defendant as the man he had seen in his driveway.

The defendant told police that as he was walking home around 11:00 p.m., a car drove by with the stereo blasting. He heard a gunshot and then realized he had been shot. He continued walking to his mother's house (some 21 blocks away) and called Yellow Cab to take him to the hospital. The defendant also gave a signed, written statement to police, giving similar information but stating that he called his friend Ken to take him to the hospital. The defendant denied trying to break into any house that night.

The defendant was charged with one count of aggravated burglary and convicted by a jury of the lesser included offense of attempted aggravated burglary.

The defendant contends the trial court erred in instructing the jury on attempted aggravated burglary as a lesser included offense of aggravated burglary. The instruction was given over the defendant's objection.

K.S.A. 21-3107(3) governs a trial court's duty to instruct the jury on lesser included offenses:

> "In cases where the crime charged may include some lesser crime, it is the duty of the trial court to instruct the jury, not only as to the crime charged, but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced."

"[A]n attempt to commit the crime charged" is an included crime. K.S.A. 21-3107(2)(b). An instruction on a lesser included offense is required if there is substantial evidence upon which the defendant might reasonably have been convicted of the lesser offense. *State v. Mitchell*, 234 Kan. 185, 189, 672 P.2d 1 (1983).

Attempted aggravated burglary is an included offense of the crime of aggravated burglary. See K.S.A. 21-3107(2)(b). "Aggravated burglary is knowingly and without authority entering into

or remaining within any building . . . in which there is a human being, with intent to commit a felony or theft therein." K.S.A. 1993 Supp. 21-3716. "Burglary" is defined similarly but there is no requirement that there be a human being within the building. K.S.A. 1993 Supp. 21-3715. K.S.A. 1993 Supp. 21-3301 defines "attempt": "An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime."

The defendant cites *State v. Cory*, 211 Kan. 528, 532, 506 P.2d 1115 (1973), and argues that attempted aggravated burglary is a specific intent crime requiring the State to prove a specific intent to commit each and every element of the crime, including that the defendant knew a human being was in the building.

The defendant conceded at trial that the State would not have to prove the defendant knew of the presence of someone in the house to prove aggravated burglary. His sole argument is that by using the words "intends to commit such crime," K.S.A. 1993 Supp. 21-3301 expands the aggravated burglary statute (K.S.A. 1993 Supp. 21-3716) to require the State to prove an element in attempted aggravated burglary that is not required in aggravated burglary: that the defendant knew a human being was present in the house. The defendant concedes he was unable to find a case from any jurisdiction reaching such a result.

The defendant reasons that the testimony presented at trial disproved knowledge that anyone was in the house. The would-be burglar rang the doorbell to see if anybody was home. He did not see Wright within the house. Wright did not say anything prior to shooting through the door. Wright's car, usually parked visibly in the carport, was hidden from view in the closed garage. Thus, the would-be burglar's intent, according to the defendant, was to enter an unoccupied house. He argues that because there was no evidence to support the element of specific intent to enter a building occupied by a human being, there was no evidence upon which the jury could reasonably convict the defendant of attempted aggravated burglary and the instruction should not have been given and, though improperly given, the evidence was

insufficient to sustain the conviction for attempted aggravated burglary.

The Court of Appeals rejected the defendant's argument, finding that attempted aggravated burglary does not require the State to prove the defendant had knowledge the residence was occupied. Accordingly, the Court of Appeals held that the trial court correctly gave the lesser included offense instruction of attempted aggravated burglary.

The defendant's argument that attempted aggravated burglary requires the State to prove that the person specifically intended to enter premises knowing there was a human being therein is incorrect. The crime of attempted aggravated burglary requires an intent to commit the crime of aggravated burglary, but the intent requirement does not extend to each element of aggravated burglary independent of the crime of aggravated burglary as a whole.

In *State v. Price*, 215 Kan. 718, 529 P.2d 85 (1974), the defendant argued that the evidence was insufficient to sustain his conviction for aggravated burglary because there was no evidence that he entered the premises knowing there was a person present inside. This court rejected the defendant's argument:

"Defendant's contentions are without merit. Clearly, knowledge of entry and intent to commit a theft or a felony is required by the statute, but there is no requirement of knowledge that there was someone within the building at the time the entry was made. K.S.A. 1973 Supp. 21-3716 provides a more severe offense, aggravated burglary, where the burglary is committed in a structure in which there is some human being. Knowledge of the presence at the time of entering the building is not necessary." 215 Kan. at 721.

In *State v. Reed*, 8 Kan. App. 2d 615, 616-17, 663 P.2d 680, *rev. denied* 234 Kan. 1077 (1983), the Court of Appeals relied on *Price* and stated:

"The statutes defining burglary and aggravated burglary (K.S.A. 21-3715 and 21-3716) differ only in that proof of the latter offense requires that the place of the burglary be one 'in which there is some human being.' The purpose behind the aggravated burglary statute is to describe a more serious offense than simple burglary when there is the possibility of contact between the victim and the burglar and the accompanying potential for a crime against the person to occur. . . . [T]he burglar need not know that someone else is present in the

structure entered nor must he intend to enter an occupied structure to be guilty of aggravated burglary. . . . [N]either the knowledge nor the conduct of the burglar elevates his offense to aggravated burglary; rather, the severity of the crime depends upon the mere presence or absence of any human being in the same structure."

Neither aggravated burglary nor attempted aggravated burglary require proof of knowledge that there was a human being present in the building. As the State points out, to require the State to prove knowledge of the presence of a human being to prove attempted aggravated burglary would place a greater burden on the State than would be required in proving the greater offense of aggravated burglary. The evidence was undisputed at trial that Wright was present in his home when the offense occurred. There was no error in instructing the jury on the offense of attempted aggravated burglary.

The defendant also argues that the trial court erred in failing to instruct the jury on the lesser included offense of attempted simple burglary. He reasons that the evidence at trial showed that the would-be burglar took steps to make sure nobody was home before attempting to enter Wright's house. Therefore, according to the defendant, an instruction on the lesser included offense of attempted simple burglary was mandatory. He did not request the instruction at trial.

An instruction on a lesser included offense is required only if there is substantial evidence upon which the defendant might reasonably have been convicted of the lesser offense. *State v. Mitchell*, 234 Kan. at 189; see *State v. Crawford*, 247 Kan. 223, 226, 795 P.2d 401 (1990).

No instruction on attempted simple burglary was required here. The distinction between simple burglary and aggravated burglary is aggravated burglary requires that the place of the burglary be one in which there is some human being. See *State v. Rush*, 255 Kan. 672, 675, 877 P.2d 386 (1994); *Reed*, 8 Kan. App. 2d at 616. That, too, is the distinction between attempted simple burglary and attempted aggravated burglary. The evidence was uncontroverted that Wright was present in his home at the time of this incident. No instruction on attempted simple burglary was

required because the evidence was clear that if any crime occurred, it was the greater crime of aggravated burglary or attempted aggravated burglary. *Cf. State v. Whitaker*, 255 Kan. 118, 129-30, 872 P.2d 278 (1994); *State v. Chatmon*, 234 Kan. 197, 201-02, 671 P.2d 531 (1983). There was no error in failing to instruct the jury on attempted simple burglary.

Finally, the defendant argues that the trial court's instruction on attempted aggravated burglary was incorrect. The instructions on aggravated burglary and attempted aggravated burglary were as follows:

"Instruction No. 2

"The defendant is charged with aggravated burglary. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

1. That the defendant knowingly entered a residence at 1310 S.E. Washington, Topeka, Kansas;

2. That the defendant did so without authority;

3. That the defendant did so with the intent to commit theft therein;

4. That at the time, there was a human being in the residence at 1310 S.E. Washington, Topeka, Kansas; and

5. That this act occurred on or about the 24th day of September, 1992, in Shawnee County, Kansas."

"Instruction No. 3

"If you find the defendant is not guilty of aggravated burglary, you shall consider if he is guilty of an attempt to commit the crime of aggravated burglary.

"To establish this charge, each of the following claims must be proved:

1. That the defendant performed an act toward the commission of the crime of aggravated burglary;

2. That the defendant did so with the intent to commit the crime of theft therein;

3. That the defendant failed to consummate its commission; and

4. That this act occurred on or about the 24th day of September, 1992, in Shawnee County, Kansas.

"The elements of aggravated burglary are set forth in Instruction No. 2."

At no place in the jury instructions was the crime of theft defined.

The defendant contends that the attempted aggravated burglary instruction was defective because it failed to set forth the elements of theft. Moreover, the instruction failed to require the jury to find that the defendant had the intent to commit aggra-

vated burglary. The defendant cites *State v. Linn*, 251 Kan. 797, 840 P.2d 1133 (1992).

In *Linn*, the defendant requested that the aggravated burglary instruction specify only theft as the ulterior felony, but the State argued the evidence showed the defendant's intent to commit the offenses of robbery, aggravated battery, and theft. The aggravated burglary instruction given by the court stated that to find the defendant guilty, the jury must find the defendant entered or remained in a house "with the intent to commit a felony or theft therein." 251 Kan. at 800. During deliberations, the jury asked the court to define "felony." The court informed the jury that a felony is a crime for which punishment may be in excess of one year in a state penitentiary. On appeal, the defendant did not contend that the evidence was insufficient to find an intent to commit a theft, but argued that the jury's request for the definition of "felony" indicated that it found him guilty based on an intent to commit a felony rather than an intent to commit a theft. Because the underlying felony was not specified, the defendant claimed reversal was required.

This court agreed, viewing the issue as whether the defendant was deprived of his constitutional right to a fair trial. This court stated:

"An instruction as to the offense of aggravated burglary is defective unless it specifies and sets out the statutory elements of the offense intended by an accused in making the unauthorized entry. Under the circumstances here, the trial judge's failure to state the specific underlying felony or felonies and their elements prevented the jury from rendering a lawful verdict and was an error of constitutional magnitude depriving the defendant of a fair trial." 251 Kan. at 802.

In the case at bar, the Court of Appeals found no reversible error resulting from the trial court's failure to set out the statutory elements of theft. The court applied a clearly erroneous standard of review due to the defendant's failure to object to the language of the instructions. The court distinguished *Linn*: "In *Linn*, the trial court failed to specify the felony the defendant allegedly intended to commit inside the victim's home. Unlike *Linn*, the trial court in this case told the jury defendant intended to commit a theft when he entered or attempted to enter Wright's home."

The Court of Appeals erred in holding that failing to set out the statutory elements of theft was not clear error. This court recently reaffirmed the *Linn* rule in *State v. Rush*, 255 Kan. at 679. Rush was charged with burglary, and the instruction to the jury mentioned as one of the elements that the defendant had the "intent to commit a theft therein" but failed to set out the elements of theft. In *State v. Rush*, 18 Kan. App. 2d 694, 700-01, 859 P.2d 387 (1993), the Court of Appeals attempted to distinguish *Linn* and held that the failure to set out the elements of theft was not clearly erroneous. On review, this court reversed:

"*Linn's* holding was clear: 'An instruction as to the offense of aggravated burglary is defective unless it specifies and sets out the statutory elements of the offense intended by the accused in making the unauthorized entry.' 251 Kan. at 802. We find the distinction by the Court of Appeals is not supported based on the very specific holding in *Linn*. We hold, therefore, that the trial court committed reversible error in instructing the jury as to the offense of burglary because it did not 'set out the statutory elements of the offense intended by the accused' in its burglary instruction." 255 Kan. at 679.

Here, the trial court's instructions specified the crime of theft as the crime intended by the defendant. However, the trial court failed to set out the statutory elements of theft. That was clearly erroneous. It does not, however, end the inquiry. In *State v. Linn*, 251 Kan. at 802, we held that this particular error can be harmless error if we are able to declare a belief that it was harmless beyond a reasonable doubt. Here, the defense was that defendant did not commit the crime and that the person who did commit the crime did not know a person was in the dwelling. There was no objection to the failure to define theft. The defendant argues on appeal, and did at trial, that the person who committed the crime first tried to determine whether the dwelling was unoccupied. This argument eliminates crime other than theft as a reason to break into the dwelling. The defendant moved from the front of the house to the rear door before attempting to pry open the door.

We are satisfied the failure to set forth the elements of theft in this case amounts to harmless error because we have a firm belief that beyond a reasonable doubt the error had little, if any, likelihood of having changed the result of the trial. See *State v.*

*White*, 246 Kan. 28, 785 P.2d 950, *aff'd as modified* 246 Kan. 393, 789 P.2d 1175 (1990).

Judgment of the Court of Appeals affirming the conviction, vacating sentence, and remanding for resentencing to the district court is affirmed. Judgment of the district court is affirmed in part, vacated in part, and remanded.