No. 101,116

In the Matter of FREDERICK B. CAMPBELL, *Petitioner.*

(231 P.3d 562)

On January 16, 2009, this court suspended the petitioner, Frederick B. Campbell, from the practice of law in Kansas for a period of 6 months. See *In re Campbell*, 287 Kan. 757, 199 P.3d 776 (2009). In addition, before reinstatement, the petitioner was required to follow the procedure outlined in Supreme Court Rule 219 (2009 Kan. Ct. R. Annot. 376) and to address the possibility that a medical or psychological condition may have contributed to the conduct leading to the sanctions, including the existence and/ or effect such a condition might have on petitioner's future conduct.

On July 17, 2009, the petitioner filed a petition for reinstatement. The court subsequently ordered that the petitioner appear at a reinstatement hearing. A reinstatement hearing was held before a panel of the Kansas Board for Discipline of Attorneys on January 26, 2010. The court has now received and considered the Reinstatement Final Hearing Report including the findings and recommendations of the panel.

The panel finds that the petitioner has complied with the procedural requirements of Supreme Court Rule 219. With regard to the substantive findings required by Rule 219, the panel, among other findings, found that although the petitioner is now able to admit that his conduct was not authorized, he continues to be unable or unwilling to recognize the serious injury which his conduct inflicted. The panel also found that the petitioner suffers from Asperger's Disorder for which he has been undergoing some type of therapy since approximately 1993, and further, that while the petitioner has been receiving therapy to assist him in developing appropriate social relationships and in understanding social clues, Asperger's Disorder is a permanent condition and the petitioner will always process information differently than individuals who do not have the disorder.

Based on these and other findings, the panel concluded that the petitioner has presented sufficient evidence to support his petition for reinstatement and recommended that this court reinstate him with the condition that if he returns to the practice of criminal prosecution, he be required to develop a relationship with another criminal prosecutor and meet with the prosecutor on a monthly basis to review pending cases.

The panel also found that prior to reinstatement, the petitioner must pay the 2009-10 attorney registration fee of $150 to the Clerk of the Appellate Courts, a reinstatement fee of $100, and the 2009-10 registration fee of $20 to the Kansas Continuing Legal Education Commission.

This court has fully considered the findings and recommendations of the panel. A majority of the court finds that the recommendations of the panel should, with some amendments, be adopted by the court and the petitioner should be reinstated. A minority, however, continues to believe that the issues presented by this case are serious enough to deny reinstatement to the petitioner on the current showing.

IT IS THEREFORE ORDERED that the petitioner be reinstated to the practice of law in the state of Kansas as of the date of this order.

IT IS FURTHER ORDERED that the petitioner comply with the recommendations of the hearing panel with the amendment that, should the petitioner return to the practice of criminal prosecution, the petitioner is ordered to meet with another criminal prosecutor to review the petitioner's cases, including all felonies and any case that presents unusual issues, every 2 weeks. This condition shall continue for a minimum of 1 year and until further order of this court made on application by the petitioner.

IT IS FURTHER ORDERED that this order of reinstatement shall be published in the official Kansas Reports.