IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,970

In the Matter of JARED WARREN HOLSTE,
*Petitioner.*

ORDER OF REINSTATEMENT

On October 9, 2015, this court suspended the petitioner, Jared Warren Holste, from the practice of law in Kansas for a period of 2 years. The court further held that:

"[R]espondent should be permitted to file a motion with this court for early reinstatement after the first 6 months of his suspension. Prior to filing this motion, respondent must have the Disciplinary Administrator's office's written approval of an 18-month probation plan with terms and conditions acceptable to that office. Those terms and conditions must encompass appropriate supervision of respondent's practice of law, including suitable supervision if respondent returns to the practice of criminal prosecution. See, *e.g., In re Campbell*, 290 Kan. 504, 505, 231 P.3d 562 (2010) (respondent required to develop relationship with another criminal prosecutor and meet regularly to review pending cases). The written approval and plan of supervision must be filed as exhibits to respondent's motion for early reinstatement. *In re Holste,* 302 Kan. 880, 890, 358 P.3d 850 (2015).

On August 31, 2016, petitioner filed a motion for early reinstatement and a proposed probation plan, approved by the Disciplinary Administrator's office. The petitioner attached a proposed probation plan and a certification from the

1

Disciplinary Administrator's office approving the proposed probation plan as exhibits to the motion for early reinstatement. On September 7, 2016, the Disciplinary Administrator's office filed a response to the motion with the court, indicating that it did not oppose the petitioner's motion for early reinstatement.

The court, after carefully considering the record, grants the petitioner's motion for early reinstatement of his license to practice law in Kansas, subject to compliance with the following terms and conditions of probation as set forth below:

1.     Practice Supervision. The petitioner's practice will be supervised by Justin Barrett, an attorney practicing law in Colby, Kansas. The practice supervisor will be acting as an officer and agent of the court as supervisor of probation in monitoring the petitioner's practice. The petitioner shall allow the practice supervisor access to his files, calendar, and the operating account and trust account records. The practice supervisor will be afforded all immunities under Supreme Court Rule 223 (2015 Kan. Ct. R. Annot. 420).

2.     Meetings. During the first year of probation, the petitioner will meet with the practice supervisor weekly. During the final 6 months of probation, the petitioner will meet with the practice supervisor as directed by the practice supervisor. Additionally, the practice supervisor will be available to the petitioner by telephone for additional consultations. The petitioner and the supervising attorney will review the petitioner's calendar to ensure that appropriate notices have been sent, that the petitioner is properly prepared for all events on his schedule, and that all files have been properly updated. The practice supervisor will provide monthly reports to the Disciplinary Administrator regarding the petitioner's compliance with the terms and conditions of probation.

3. Practice. The petitioner will notify the practice supervisor and the Disciplinary Administrator if the petitioner intends to serve as a criminal prosecutor. Additionally, prior to serving as a criminal prosecutor, the petitioner shall develop additional safeguards to protect the public and prevent a reoccurrence of the misconduct which occurred in this case. Finally, the petitioner will not serve as a criminal prosecutor without the supervision of a county or district attorney.

4. Office Procedures. Within 10 days of this order, the petitioner will provide the practice supervisor and the Disciplinary Administrator with written office procedures designed to monitor the status, deadlines, and court appearances of all matters in which he has undertaken representation. The petitioner will modify that procedure if directed to do so by the practice supervisor or the Disciplinary Administrator. The petitioner will follow the written office procedures.

5. Audits. Within 30 days of the date of this order, the practice supervisor will conduct an initial audit of the petitioner's files. Thereafter, every 6 months, the practice supervisor will conduct additional audits. If the practice supervisor discovers any violations of the Kansas Rules of Professional Conduct, the practice supervisor will include such information in his report. The practice supervisor will provide the Disciplinary Administrator and the petitioner with a copy of each audit report. The petitioner will follow all recommendations and correct all deficiencies noted in the practice supervisor's periodic audit reports. At the conclusion of the period of probation, the petitioner will submit to the practice supervisor a detailed account of his active files and the practice supervisor will conduct a final audit.

6. Continued Cooperation. The petitioner will continue to cooperate with the Disciplinary Administrator. If the Disciplinary Administrator requests any additional information, the petitioner will timely provide such information.

7. Additional Violations. The petitioner will not violate the terms of his probation or the provisions of the Kansas Rules of Professional Conduct. In the event that the petitioner violates any of the terms of probation or any of the provisions of the Kansas Rules of Professional Conduct at any time during the probationary period, the petitioner will immediately report such violation to the practice supervisor and the Disciplinary Administrator. The Disciplinary Administrator will take immediate action directing the petitioner to show cause why the probation should not be revoked.

IT IS THEREFORE ORDERED that the petitioner be reinstated to the practice of law in Kansas conditioned upon his compliance with the annual continuing legal education requirements and upon his payment of all fees required by the Clerk of the Appellate Courts and the Kansas Continuing Legal Education Commission and subject to the terms and conditions of the probation plan. Upon proof provided to the Clerk of the Appellate Courts that the petitioner has complied with the annual continuing legal education requirements and has paid the fees required by the Clerk of the Appellate Courts and the Kansas Continuing Legal Education Commission, the Clerk is directed to enter the petitioner's name upon the roster of attorneys engaged in the practice of law in Kansas.

IT IS FURTHER ORDERED that the petitioner shall be subject to the terms and conditions of the probation plan for a period of 18 months and until discharged by this court.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs herein be assessed to the petitioner.

IT IS SO ORDERED.

Effective this 21st day of October, 2016.